**In re James F. PETRY, Debtor.**

**Bankruptcy No. 97–82533.**

United States Bankruptcy Court,
C.D. Illinois.

Sept. 10, 1998.

Anthony F. Sciuto, Spring Valley, IL, for Debtor.

Roger C. Bolin, Hennepin, IL, for Accounts Management.

Charles C. Covey, Peoria, IL, Trustee.

### *OPINION*

WILLIAM V. ALTENBERGER, Chief Judge.

Before the Court is the petition filed by Louis E. Olivero (OLIVERO), to authorize disbursement of personal injury settlement funds.

Prior to filing his Chapter 7 petition, the Debtor, James F. Petry (DEBTOR), hired OLIVERO to represent him in a suit for personal injuries against the Sudden Stop Saloon, Inc. and Lisa Parker. Though the DEBTOR did not list the suit on his schedule of personal property, he disclosed the personal injury settlement in his schedule of exempt property and claimed the full amount of $13,500 as exempt. The Chapter 7 Trustee objected, asserting that the DEBTOR's claim of exemption should be limited to $7,500, and the DEBTOR filed an amended claim of exemption in that amount. Among the unsecured creditors listed by the DEBTOR is St. Margaret's Hospital for services rendered to the DEBTOR in the amount of $7,444.45.

OLIVERO filed a petition to authorize the disbursement of the proceeds from the settlement of the personal injury suit. From the $20,000 settlement, OLIVERO sought attorney's fees in the amount of $6,666.66 and costs of $2,259.50. OLIVERO suggested that the DEBTOR was entitled to be paid his exemption of $7,500 and sought direction from the Court as to the distribution of the remaining sum. Accounts Management Incorporated (ACCOUNTS MANAGEMENT), as assignee of St. Margaret's Hospital, filed a response to the petition, claiming that it was entitled to payment of $6,666.66, or 1/3 of the settlement proceeds, pursuant to the Illinois Hospital Lien Act, 770 ILCS 35/1 *et seq.*

A hearing was held on the petition at which time this Court authorized the pay-

ment of OLIVERO's fees and costs and directed OLIVERO to hold the balance of the settlement proceeds of $11,073.84, pending resolution of the lien claim of ACCOUNTS MANAGEMENT.

ACCOUNTS MANAGEMENT argues that it holds a valid lien claim under the Hospital Lien Act, as assignee of St. Margaret's Hospital, and that its lien trumps the DEBTOR's claim of exemption under U.S. District Judge Michael Mihm's decision in *In re Stoner,* No. 97–4002 (Unpublished, May 30, 1997). ACCOUNTS MANAGEMENT contends there is nothing in the statute which prohibits a hospital from assigning a claim. Copies of the statutory notices and mailing receipts for certified mail have been submitted to the Court. The DEBTOR claims that the lien provided under the statute is personal to the hospital and that the language of the statute does not provide for assignment of the lien. Even if the lien is assignable, the DEBTOR contends that it must be first perfected by the hospital.

Because this Court is bound by Judge Mihm's decision in *In re Stoner, supra,* the only issue to be decided is whether ACCOUNTS MANAGEMENT holds a perfected lien in the settlement proceeds. Neither side has submitted any authority on this issue. Section 1 of the Hospital Lien Act provides:

[E]very hospital rendering service in the treatment, care, and maintenance, of an injured person shall have a lien upon all claims and causes of action of the injured person for the amount of its reasonable charges up to the date of payment of damages.

No judgment, award, settlement or compromise secured by or on behalf of an injured person shall be satisfied without the injured person or his or her authorized representative first giving the hospital that rendered the service in the treatment, care, and maintenance of the injured person notice of the judgment, award, settlement, or compromise. The hospital shall have a period of 30 calendar days to perfect and satisfy its lien. The notice shall be in writing and served upon the hospital's registered agent, or, in the event of a hospital operated entirely by a unit of local government, upon the individual or entity authorized to receive service pursuant to Section 2–211 of the Code of Civil Procedure.

Provided, however, that the total amount of all liens under this Act shall not exceed one-third of the verdict, judgment, award, settlement, or compromise secured by or on behalf of the injured person on his or her claim or right of action, and provided further, that the lien shall in addition include a notice in writing containing the name and address of the injured person, the date of the injury, the name and address of the hospital, and the name of the party alleged to be liable to make compensation to the injured person for the injuries received. The lien notice shall be served on both the injured person and the party against whom such claim or right of action exists.

Service shall be made by registered or certified mail or in person.

770 ILCS 35/1. Because this section of the Act neither includes language permitting or prohibiting assignment of the lien, this Court will consider the Act as a whole and the effect of this section on other sections of the Act.

An important provision of the Act is contained in §§ 3 and 4, which imposes upon the hospital a duty to make certain disclosures, and if the hospital fails to do so, the lien is forfeited. Section 3 of the Act provides:

Any party to a cause pending in a court against whom a claim shall be therein asserted for damages resulting from such injuries shall, upon request in writing, be permitted to examine the records of such hospital in reference to such treatment, care and maintenance of such injured person. Any hospital claiming a lien under this Act shall, within 10 days of being so requested in writing by any such party, furnish to such party, or file with the clerk of the court in which the cause is pending, a written statement of the nature and extent of the injuries sustained by and the treatment given to or furnished for such injured person by such hospital and the history, if any, as given by the injured

person, insofar as shown by the records of the hospital as to the manner in which such injuries were received. 770 ILCS 35/3. Section 4 of the Act provides:

Should any hospital fail or refuse to give or file a written statement in conformity with and as required by Section 3 hereof after being so requested in writing in conformity with Section 3 hereof, the lien of such hospital shall immediately become null and void.

770 ILCS 35/4. Given this disclosure requirement of the Act, permitting the lien to be assigned to an entity who would not share the duty of producing the records would render §§ 3 and 4 meaningless and take the teeth out of the disclosure requirements. While this Court cannot say that such requirements are a critical component of the Act, it notes that such a provision is also contained in other statutes which grant liens to health care providers, including the Physicians Lien Act, 770 ILCS 80/0.01, the Dentists Lien Act, 770 ILCS 20/0.01, Home Health Agency Lien Act, 770 ILCS 25/1, Clinical Psychologists Lien Act, 770 ILCS 10/0.01, Physical Therapist Lien Act, 770 ILCS 75/1, Emergency Medical Services Personnel Lien Act, 770 ILCS 22/1, and Optometrists Lien Act, 770 ILCS 72/1.

Another section of the Act to consider is the provision for enforcement of the lien, which provides:

On petition filed by the injured person or hospital, the circuit court shall, on written notice to all interested adverse parties, adjudicate the rights of all interested parties and enforce their liens: Provided, that nothing herein contained shall affect the priority of any attorney's lien under "An Act creating attorney's lien and for enforcement of same", filed June 16, 1909, as amended.

770 ILCS 35/5. Again, the language of the statute is narrow and does not, by its terms, permit an assignee of a lien to petition for the lien's enforcement.

The foregoing analysis of other sections of the Act, which weighs against the lien's assignability, is buttressed by other provisions of Illinois law. Other lien statutes contain specific provisions governing assignability. For instance, § 8 of the Illinois Mechanics Lien Act, governing the assignment of liens or claims for liens, provides:

All liens or claims for lien which may arise or accrue under the terms of this act shall be assignable, and proceedings to enforce such liens or claims for lien may be maintained by and in the name of the assignee, who shall have as full and complete power to enforce the same as if such proceedings were taken under the provisions of this act by and in the name of the lien claimant.

770 ILCS 60/8. Likewise, § 20 of the Illinois Oil and Gas Lien Act, governing assignment of liens and actions, provides:

[A]ll claims for liens and likewise all actions to recover therefor under this Act shall be assignable so as to vest in the assignee all rights and remedies herein given subject to all defenses thereto that might be raised if such assignment had not been made. Where a statement of lien has been filed as herein provided such assignment shall be made by a separate instrument in writing, which shall be recorded in the Recorder's Office where the claim was filed.

770 ILCS 70/20. Moreover, unlike the language of the Hospital Lien Act, which provides that the "hospital ... shall have a lien ...", § 3 of the Self–Service Storage Facility Act provides that "[t]he owner of a self-service storage facility and his heirs, executors, administrators, successors, and assigns have a lien ...." 770 ILCS 95/3. Finally, from this Court's own research it notes that in other jurisdictions statutes creating liens for health care providers contain specific provisions authorizing the assignment of such liens. *See* Ark.Code Ann. § 18–46–108 (Michie 1987) (Arkansas Medical, Nursing, Hospital, and Ambulance Service Lien Act); Colo.Rev.Stat.Ann. § 38–27–105 (West 1997) (Hospital Liens).

From the foregoing analysis, this Court concludes that a hospital may not assign its lien under the Act and therefore, ACCOUNTS MANAGEMENT does not hold a valid lien against the settlement proceeds.

This Opinion is to serve as findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons stated in an OPINION filed this day, IT IS HEREBY ORDERED that:

1. The lien held by ACCOUNTS MANAGEMENT, as assignee of St. Margaret's Hospital, is declared to be INVALID;

2. LOUIS E. OLIVERO is directed to pay to JAMES PETRY, the DEBTOR, the sum of $7,500.00 in satisfaction of his claim of exemption; and

3. LOUIS E. OLIVERO is directed to pay over the balance of the settlement proceeds to CHARLES E. COVEY, as TRUSTEE.